EDWARD MILLER, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY, Appellant.

*Elevated railroad — verdict that is not excessive — proof of the plaintiff's wages before and after his injury — statement by the court to the jury — evidence.*

Where an elevated railroad company receives a person as a passenger, and its car is so overcrowded with passengers that there is difficulty in opening and shut- . ting the gates, a guard in the railroad's employment cannot, without notice to ·such passenger, push him off the car in order to remedy the defect of the over-crowding, and, if he does so, the railroad company is liable for the damages resulting from such act.

The complaint in an action brought to recover damages sustained by the wrongful act of an employee of the defendant, stated that the plaintiff was disabled and had suffered a loss of power to labor.

Upon the trial, testimony was given showing that the plaintiff was a shoemaker, and was earning twenty-five dollars per week prior to his injuries; that by reason of his injuries he was confined to his bed for ten days, and was prevented thereby from doing his work for some five weeks; that his earning power was reduced from twenty-five dollars per week to seven or eight dollars a week.

*Held,* that a verdict for the plaintiff for $2,000 damages was not excessive;

That proof of the wages the plaintiff was earning before the accident and since was proper;

In such action there was proof from which a jury could find that the guard intended to push the plaintiff.

*Held,* that a statement by the trial judge that it was not justifiable to do so was proper;

It is proper for a judge to instruct a jury that where a witness has testified falsely his entire testimony may be discredited.

APPEAL by the defendant, the Manhattan Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 31st day of January, 1893, upon the verdict of a jury for $2,000, rendered at the Kings County Circuit, and also from an order entered in the said clerk's office on the 31st day of January, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Frederic A. Ward, Julien T. Davies* and *Charles A. Gardiner,* for the appellant.

*Charles J. Patterson,* for the respondent.

BARNARD, P. J.:

The case shows that the plaintiff is a man of over sixty-eight years of age; that on the 10th of May, 1891, he was carried as a passenger by the defendant to the City Hall station. The car was crowded on the inside and the plaintiff stood upon the platform because he could not get in the car. Upon an arrival at a station the platform passengers crushed up so as to let the train deliver and receive passengers. At one of the stations, either Eighteenth or Fourteenth street, the defendant's guard suddenly, and without notice, gave the plaintiff a violent push that carried the plaintiff off the train upon the platform and threw him violently down so as to throw him upon the back of his head. The guard did this in closing the gate. The plaintiff did what he could to crowd himself away from the gate, but the pressure was so great that he could not do so. The act of the guard has no justification. The carrier received him as a passenger and overcrowded the car so that there was difficulty in opening and shutting the gates. The guard could not, without notice in some way to the passenger, throw him off the car to remedy the effects of the overcrowding. The defendant was liable for his act. (*Dwinelle* v. *N. Y. C. & H. R. R. R. Co.*, 45 Hun, 139.)

The damages are not excessive. The plaintiff was a shoemaker and was earning twenty-five dollars per week. He was prevented by his injuries from doing his work for some five weeks, and he was confined to his bed for ten days. His earning power was reduced from twenty-five dollars per week to seven and eight dollars a week. The proof of the wages the plaintiff was earning before the accident, and since, was proper. The complaint states that the plaintiff was disabled from his labor and suffered a loss of power to labor. The evidence is directly in support of the complaint.

The admission of the testimony of Dr. Woodworth was not erroneous under the case of *Strohm* v. *N. Y., L. E. & W. R. R. Co.* (96 N. Y. 305).

The evidence of the expert was not to the effect that the results of the injury were possible or contingent. The medical opinion was clear that the tenderness of the muscles, which he found on plaintiff, was the result of the injury in question. The charge was free from objection. If the plaintiff was correct in his narrative of

the injury, there was no defense for it. If he refused to get out of the way of the gate when he could do so, he could not recover. There was proof from which the jury could find that the guard intended to push the plaintiff, and the statement of the judge that it was not justifiable to do that, was proper under our view of the testimony. The request, in respect to an intentional endeavor by plaintiff to make the company liable for ailments which existed before the accident, was proper. It is not the rule in such a case that the jury must disregard his entire statement. The jury were told that if the witness was false they might discredit his testimony entirely.

The judgment and order denying a new trial should be affirmed, with costs.

Pratt and Dykman, JJ., concurred.

Judgment and order denying new trial affirmed, with costs.